UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| STACEY EVAN PETIT, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:20-CV-254-HAB-SLC |
| JOHN DOE, FLANNIGAN, GRANT COUNTY SHERIFF'S OFFICE, SHERIFF - REGGIE NEVELS, | |
| Defendants. | |

OPINION AND ORDER

Stacey Evan Petit, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

Petit is currently serving a sentence at a Florida prison. He alleges that on April 5, 2017, he was housed at the Grant County Jail and was attacked by another inmate. After the attack, jail guards allegedly delayed in responding to his request for help. When they finally responded, they were unable to get a wheelchair into the cell block because it would not fit, and Corporal Flannigan (first name unknown) told other staff to "drag" Petit out on a blanket. He waited for three hours to be taken to an outside hospital, where he underwent surgery and other extensive treatment for several broken bones. He claims that when he returned to the jail approximately two months later, his pain medication went missing during the booking process, and jail staff in the booking

area improperly made him walk on his own from the booking cell to the shower. Based on these events, he sues the Grant County Sheriff's Office, Sheriff Reggie Nevels, Corporal Flannigan, and an unnamed officer who transported him to the hospital, seeking $5 million in damages.

Upon review, Petit attests that he tendered his complaint to prison officials for filing on June 14, 2020.[1] (ECF 1 at 16.) The underlying events he describes occurred at the Grant County Jail between April 2017 and June 2017. Suits filed under 42 U.S.C. § 1983 borrow the statute of limitations for state personal injury claims, which in Indiana is two years. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). The date on which the claim accrues, and the limitations period starts running, is the date when a plaintiff knows the fact and the cause of an injury. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). Here, it is apparent that Petit was aware of his injuries, and their cause, immediately as they occurred. Because Petit filed his complaint more than two years later, the complaint is untimely. Although the statute of limitations is ordinarily an affirmative defense, where it is clear from the face of the complaint that the action is untimely, dismissal at the pleading stage is appropriate. *See O'Gorman*, 777 F.3d at 889; *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). That is the case here.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish*

---

[1] The complaint was filed in the Southern District of Indiana on June 30, 2020, and was thereafter transferred to this court, as it pertains to events occurring within this judicial district. (ECF 1, 7.)

*v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). It appears unlikely that Petit can overcome the statute of limitations barrier if given another opportunity to plead his claims. However, in the interest of justice, the court will allow him to amend his complaint if, after reviewing this court's order, he believes that he can state a timely claim for relief against these defendants. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **August 14, 2020**, to file an amended complaint if he so wishes; and

(2) CAUTIONS him that if he does not respond by that deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A, because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on July 13, 2020.

   s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT